other reasons than that of habitual intoxication as alleged in the declaration, they should find for the defendants, *held* argumentative and erroneous, inasmuch as, if by reason of the intoxication, the husband did not attend to his business and the plaintiff was injured thereby in her means of support, she was entitled to a recovery.

7. INTOXICATING LIQUORS, § 251*—*when instruction in action by wife for injury to means of support erroneous.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, an instruction that though the jury believed that intoxicating liquor sold by the defendants to the plaintiff's husband materially assisted in causing him to become habitually intoxicated, yet if they believed that during such time the husband maintained and supported the plaintiff according to their situation and condition in life there could be no recovery, *held* erroneous, as the question whether her means of support were suitable to her position in life was immaterial.

---

**Columbia Graphophone Company, Plaintiff in Error, v. Fred W. Niergarth and J. R. Brown, Partners, as the Brown Piano Company, Defendants in**

**(Not to be reported in full.)**

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916.

### Statement of the Case.

Action by the Columbia Graphophone Company, plaintiff, against Fred W. Niergarth and J. R. Brown, partners, as the Brown Piano Company, defendants, for balance alleged to be due in payment of goods shipped to the Brown Piano Company. To review a judgment for defendants, plaintiff prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The proof showed that previous to November, 1912, J. R. Brown, under the name and style of the ''Brown Piano Company'' had been engaged in selling pianos in a building owned by Niergarth. In November, 1912, Brown and Niergarth made an agreement by which Niergarth was to assist Brown in a side line known as the Graphophone department.

On November 19, 1912, Niergarth wrote to the plaintiff that he and Brown were equally responsible for the goods that might be purchased. ''It is understood, however, that all orders placed will bear the O. K. or signature of Mr. F. W. Niergarth.'' On October 3, 1913, Niergarth again wrote to plaintiff: ''Kindly ship goods ordered by Brown Piano Company per J. R. Brown until further notice.'' On November 5, 1913, Niergarth again wrote to the plaintiff: ''Do not ship any more orders to Brown Piano Company unless signed by me, hereby countermanding my order of October 3rd, 1913.''

RAYBURN & BUCK, for plaintiff in error.

M. A. BRENNAN, for defendant in error Frederick W. Niergarth.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

GUARANTY, § 12*—*when guarantor not liable on guaranty.* A seller *held* not entitled to recover from one of the defendants for goods shipped to a party, with whom such defendant was associated in business, after the receipt by the seller of a letter from such defendant directing that no more shipments should be made without such defendant's signature being attached to the order, such defendant having been regarded by the seller, in connection with previous shipments, merely as guarantor for the payment thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.